IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| G.M. SIGN, INC., as judgment creditor and as assignee of MFG.COM, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION |
| v. ) ) | FILE NO. _____ |
| ST. PAUL FIRE & MARINE INS. CO., ) ) | |
| Defendants. ) | |

<u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, as amended in part by the Class Action Fairness Act of 2005, the defendant, St. Paul Fire & Marine Insurance Company (hereinafter "St. Paul"), hereby removes to the United States District Court for the Northern District of Georgia the above-styled action, pending as case no. 2014CV249897 in the Superior Court of Fulton County, Georgia, as grounds for removal, states as follows:

<u>BACKGROUND</u>

<u>Introduction</u>

1.      St. Paul asserts that this is a civil action over which this Court has original jurisdiction under the Class Action Fairness Act of 2005, codified in part

at 28 U.S.C. § 1332(d), and removal is proper under 28 §§ 1446 and 1453.  <u>See</u> <u>Addison Automatics, Inc. v. Hartford Cas. Ins. Co</u>., 731 F.3d 740, 742 (7ᵗʰ Cir. 2013).  Alternatively, St. Paul asserts that this is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. § 1441 as this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.  See <u>Toller v. Sagamore Ins. Co.</u>, 514 F.Supp. 2d 1111, 1115 (E.D. Arkansas 2007) (holding that action was removable both on diversity jurisdiction grounds or alternatively for satisfying requirements of 28 U.S.C. § 1332(d)).

2.    This Court is in the judicial district and division where the state court case was brought and is pending.  Thus, this Court is the proper district court to which this case should be removed.  28 U.S.C. §§ 1441(a) and 1446(a).

<u>FACTUAL BACKGROUND</u>

3.    The above-captioned case was filed in the Superior Court of Fulton County, Georgia, on August 6, 2014, as case no. 2014CV249897 (the "State Court Action") and seeks relief on behalf of a certified class.

4.    On August 18, 2014, St. Paul was served with the State Court Action. No other pleadings, process or orders have been served upon St. Paul in the State

Court Action.  A copy of the Summons is attached hereto as Exhibit 1.  A copy of the State Court Action Complaint ("Complaint"), with exhibits, is attached hereto as Exhibit 2.

5.      Plaintiff states in its Complaint that G.M. Sign, Inc. is an Illinois corporation with its principal place of business in Illinois (Complaint ¶4).  St. Paul is a Connecticut insurance company with its principal place of business in Connecticut.

6.      The Complaint asserts that G.M. Sign is bringing this action on behalf of itself and other members of a certified class that it represents as the judgment creditor and assignee of Mfg.com ("Mfg") (See Introduction to Complaint and Complaint ¶ 2).

7.      The Complaint seeks a declaration on behalf of G.M. Sign, individually and as the representative of a certified class, that the St. Paul policies issued to Mfg require St. Paul to defend Mfg in the class action styled as G.M. Sign, Inc., individually and as the representative of a class of similarly-situated persons vs. Mfg.com, Case No. 09CH2925 in the Circuit Court of Lake County, Illinois (the "Mfg Class Action") and to indemnify Mfg for the judgment entered against it in the Mfg Class Action.  The Complaint also seeks an award to

-3-

G.M. Sign, individual and on behalf of the class, of its attorneys' fees and court costs and punitive damages.  (Complaint p. 12).

8.      In the Mfg Class Action, Plaintiff, individually and as the representative of a class, alleged that Mfg violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., and the Illinois Consumer Fraud Act, 815 ILCS 5/2-801, and common law conversion by sending unsolicited junk faxes to Plaintiff and hundreds of others (Complaint, Ex. A).

9.      On September 27, 2013, the Lake County Circuit Court in the Mfg Class Action certified a class of "all persons to whom Defendant sent advertising facsimiles during the period January 17, 2005 through November 15, 2008 without their prior express invitation or permission."  (See Complaint, ¶17, Ex. I).  The order of September 27, 2013 also appointed G.M. Sign as the class representative and Plaintiff's counsel as class counsel.  (See Complaint, Ex. I, ¶3).

10.     In the settlement agreement for the Mfg Class Action, Mfg purportedly assigned certain rights to the Class (Complaint ¶19).  Specifically, Mfg assigned its rights under certain St. Paul insurance policies to the Class.   (A copy of the settlement agreement is attached as Exhibit 3).

11.     Pursuant to the terms of the settlement agreement, Mfg only assigned its rights to pursue relief against St. Paul to G.M. Sign and its counsel,

on behalf of the class.  The settlement agreement states that "[i]f the Court grants the settlement Final Approval, then the Class (through [G.M. Sign] and his attorneys) will pursue claims against St. Paul  to recover the Judgment amount under the Insurance Policies, and claims against Defendant's insurer." (Exhibit 3, p. 6, ¶ 8),

12.    The Court found, based on the settlement agreement, that Mfg sent over 500,000 facsimile advertisements without prior express permission or invitation during the class period.

13.    On January 24, 2014, following a fairness hearing, the court in the <u>Mfg</u> Class Action entered an order granting final approval of the settlement agreement and order for a judgment ("Judgment").  (<u>See</u> Complaint, ¶20, Ex. J.) The Judgment was in the amount of $22,536,500.  The Judgment stated at the time of the Final Approval, Mfg had paid $75,000 of the Judgment and would pay an additional $385,000.  The remainder of the Judgment ($22,076,500.00) was to be satisfied only through Mfg's primary and umbrella insurance policies from St. Paul covering the period including January 17, 2005 through November 15, 2008.  (<u>See</u> Complaint ¶22, Ex. J, pp.7-8.)

14.    After the Judgment was entered by Lake County Circuit Court, Illinois against Mfg, G.M. Sign filed the State Court Action in Fulton County,

Georgia, seeking a declaration concerning St. Paul's rights and obligations under liability insurance policies issued to Mfg for the Mfg Class Action and Judgment. (See Complaint ¶3.)

15. According to the State Court Action, G.M. Sign alleges that G.M. Sign's and the other Class members' receipt of the junk faxes constitute property damage under the St. Paul policies. (See Complaint ¶ 39). G.M. Sign also alleges that "personal injury" coverage is triggered because the junk faxes to G.M. Sign and the other Class members constitute making known covered material that violates G.M. Sign's and the Class members' rights of privacy. (See Complaint ¶50). G.M. Sign also alleges that "advertising injury" coverage is triggered because Mfg's transmission of unwanted faxes to Plaintiff and the other Class members constituted making known covered material that violated Plaintiff's and Class members' rights of privacy. (See Complaint ¶57). G.M. Sign also alleges that St. Paul was required to defend Mfg in the Mfg Class Action, did not defend Mfg, and is estopped from asserting its policy defenses to avoid satisfying the judgment entered in the Mfg Class Action. (See Complaint ¶61.)

16. G.M. Sign also alleges that individually, and as the representative of a certified class, it is entitled to its attorneys' fees and costs, and punitive damages. (See Complaint ¶76).

BASIS FOR REMOVAL

I.   Class Action Fairness Act ("CAFA")

17.    This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA" or "the Act"). CAFA affords federal subject matter jurisdiction where there is minimal diversity—that is where the citizenship of a single class member and a single defendant are diverse. CAFA gives district courts original jurisdiction over any "civil action" that is a class action, provided certain elements are met. 28 U.S.C. §1332(a)(2). Under CAFA's definition section, "class action" means "any civil action filed under Rule 23 of Federal Rules of Civil Procedure or similar state statute . . . authorizing the action to be brought by one or more representative persons." 28 U.S.C. §1332(1)(b). "Class" means all of the "class members" that are "persons (named or unnamed) who fall within the definition of a proposed or certified class." 28 U.S.C. §1332(d)(1)(A) and (C). CAFA also provides that it "shall apply to any class action before or after the entry of a class certification order." 28 U.S.C. §1332(d)(8). A "class certification order" means "an order issued by a court approving the treatment of some or all aspects of a civil action as a class action." 28 U.S.C. §1332(d)(1)(D). Thus, under CAFA, the district court has original

jurisdiction where both uncertified ("putative"), and certified class action civil cases.

18.     As set forth above, on September 27, 2013, the Lake County Circuit Court certified the <u>Mfg</u> class action.  And at that time, G.M. Sign was appointed as the Class representative.  The Class was certified under Illinois Statute 735 ILCS 5/2-802.  The Illinois courts have held that the Illinois class certification statute is patterned after the federal rules and, thus, federal decisions on class actions are persuasive authority in Illinois.  <u>See Cohen v. Blockbuster Entertainment, Inc</u>., 878 NE 2d 132 (IL App. Ct., 1st Dist. 2007).  Accordingly, the class here was certified under the equivalent of Rule 23.

19.     To perfect removal under CAFA, the following requirements also must be met:  (1) the class contains at least 100 members; (2) minimal diversity exists between the parties; and (3) the aggregate amount in controversy exceeds $5,000,000.  <u>Purdue Pharma, L.P. v. Kentucky</u>, 704 F.3d 208, 213 (2nd Cir. 2013).

II.     <u>All Requirements for Removal Under CAFA are Met.</u>

20.     The Removal is Timely.  Under 28 U.S.C. §1446(b), notice of removal must be filed within 30 days after receipt of service.  In this removed action, St. Paul was served on August 18, 2014; therefore, notice of removal is timely.

21.     Minimal Diversity is Met.   The removed action satisfies this requirement.   G.M. Sign identifies itself as an Illinois corporation with its principal place of business in Illinois.  St. Paul is a corporation organized under the laws of the State of Connecticut and has its principal place of business in Hartford, Connecticut.   Accordingly, the above facts demonstrate that CAFA's minimal "diversity" requirement is met.    One  Class  member,  Class representative G.M. Sign, is a citizen of the State of Illinois.  St. Paul is a citizen of the State of Connecticut.  In addition, the Class is nationwide, such that other members of the Class would also be from different states than St. Paul.

22.     The $5,000,000 aggregate amount in controversy is met.  Pursuant to CAFA, the claims of individual members in the class action are aggregated to determine if the amount in controversy exceeds the sum of $5,000,000.  28 U.S.C. §1332(d)(6).   The judgment entered against Mfg was for $22,536,500.   The uncollected portion of the judgment sought to be satisfied through the proceeds of St. Paul's insurance policies is $22,076,500.   The Complaint in the State Court Action asserts that G.M. Sign, individually and as the representative of a certified class, seeks an order that St. Paul has a duty to indemnify Mfg for the judgment. Consequently, the jurisdictional amount in controversy is satisfied.

23.    Number of Class Members.  For removal under CAFA, a certified class must exceed 100 members.  Here this requirement is met.  In the judgment for the Mfg Class Action, the trial court determined that an excess of 500,000 unsolicited facsimiles were sent during the Class period.   Accordingly, the certified class far exceeds the requisite 100 class members required for CAFA jurisdiction to attach.

24.    Original CAFA jurisdiction in the District Court exists.  Based on the foregoing, minimal diversity, an amount in controversy in excess of $5,000,000 and a class exceeding 100 members exist.  Therefore, St. Paul has met its burden to prove CAFA diversity jurisdiction exists.   See Addison Automatics, Inc. v. Hartford Cas. Ins. Co., 731 F.3d 740, 742 (7th Cir. 2013)(holding that insurer properly removed action under CAFA where assignee of insured commenced a state court action against insurer, seeking a declaration that insurer owed duty to defend and indemnify third-party against whom assignee (a class representative) had earlier brought and settled a class action regarding TCPA claims).

III.    Diversity Jurisdiction

25.    Upon information and believe, St. Paul asserts that G.M. Sign, through its counsel, may be attempting to avoid removal under CAFA by seeking a declaration that the duty owed by St. Paul is to Mfg.  But to the extent

the Court views this action as a declaratory action only effecting the rights between St. Paul and G.M. Sign, as the assignee of Mfg, this Court has original subject matter jurisdiction under 28 U.S.C. § 1332 and removal is proper under 28 U.S.C. § 1441 in that this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

26.     As set forth above, G.M. Sign is a citizen of Illinois.

27.     G.M. Sign's assignor, Mfg is a Georgia corporation with a principal place of business in Atlanta, Georgia.

28.     St. Paul is a Connecticut corporation with its principal place of business in Connecticut.

29.     Diversity of citizenship exists under 28 U.S.C. § 1332 in that G.M. Sign, Mfg and St. Paul are all citizens of different states.

30.     G.M. Sign seeks a declaration that St. Paul has an obligation to indemnify Mfg for a judgment in the amount of $22,076,500.   The amount in controversy exceeds $75,000, exclusive of interests and costs.

31.     Concurrent with the filing of this removal, St. Paul is filing a Notice of Filing of Removal with the Superior Court of Fulton County, Georgia.  (A copy of the Notice is attached as Exhibit 4.)

WHEREFORE, St. Paul prays that all further proceedings in this civil action be conducted in the United States District Court of the Northern District of Georgia, as provided by law.

This 17th day of September, 2014.

MAGILL ATKINSON DERMER LLP


/S/ David M. Atkinson
David M. Atkinson
Georgia Bar No. 026460
Ariel E. Shapiro
Georgia Bar No. 810674

Promenade, Suite 1750
1230 Peachtree Street, N.E.
Atlanta, GA  30309-3591
(404) 892-8884 (telephone)
(404) 892-8886 (facsimile)
datkinson@madllp.com
ashapiro@madllp.com

Of Counsel:

Charles E. Spevacek
Amy Woodworth
Meagher & Geer, P.L.L.P.
33 South Sixth Street, Suite 4400
Minneapolis, MN  55402
(612) 371-1327

Attorneys for Defendant
St. Paul Fire & Marine Insurance Company

<u>CERTIFICATE OF SERVICE</u>

St. Paul Fire & Marine Insurance Company, named as a defendant in the case of *G.M. Sign, Inc., as judgment creditor and as assignee of Mfg.com v. St. Paul Fire & Marine Insurance Company*, Civil Action No. 2014CV249897 in the Superior Court of Fulton County, Georgia, has given notice of the filing of the foregoing notice of removal to plaintiff and her attorneys by mailing a copy of the notice to the following:

>Anthony C. Lake
>Gillen Wither & Lake, LLC
>One Securities Centre, Suite 1050
>3490 Piedmont Road, N.E.
>Atlanta, GA  30305
>
>*and*
>
>Brian J. Wanca                        Phillip A. Bock
>David M. Oppenhein           134 N. LaSalle Street, Suite 1000
>Jeffrey A. Berman               Chicago, IL  60602
>Anderson + Wanca
>3701 Algonquin Road, Suite 760
>Rolling Meadows, IL  60008

St. Paul Fire & Marine Insurance Company has also filed a copy of the notice of removal with the Clerk of the Superior Court of Fulton County, Georgia, in accordance with the provisions of Title 28, United States Code, § 1446, Judiciary and Judicial procedure, as amended, and the undersigned,

David M. Atkinson, attorney for St. Paul Fire & Marine Insurance Company,

hereby certifies to the truthfulness and correctness of the above statement.

Undersigned counsel further certified that he electronically filed the

foregoing Notice of Removal with the Clerk of Court using the CM/ECF system.

This 17th day of September, 2014.

/S/ David M. Atkinson
David M. Atkinson